Banks's Estate.

*Fitzhugh Lee Styles,* for exceptions; *Sadie T. M. Alexander,* contra.

SINKLER, J., March 13, 1931.—The facts developed by the evidence produced at the hearing before Gest, J., on May 14, 1930, and at the further hearing held before him on December 10, 1930, are fully set forth in his opinions of June 24, 1930, and January 21, 1931. We concur in his conclusions and have only to emphasize one incident in connection with the carbon copy of the will, to which Pollard signed the name of the testator. Pollard, the scrivener, Mamie Cunningham and Estelle Irwin, the attesting witnesses, all testified at the further hearing that the attesting witnesses signed their names only once, namely, on the original copy upon which Mamie Cunningham signed the testator's name. Since the will was executed by the testator making his mark, it was necessary, under the Pennsylvania statutes relating to the execution of wills, that it be attested by two witnesses. The carbon copy was not attested by two witnesses, was not a duplicate original and had no testamentary effect. There was no reason for Pollard to retain the copy, and no inferences are to be drawn from his failure to do so.

The Hearing Judge has found that the will was properly executed, under the authorities cited by him, and we agree with his conclusions of fact and law in this respect. We agree also with his conclusion as to the testamentary capacity of the testator, and as to the absence of undue influence. To sustain the charge of undue influence, as he has correctly stated, it must be shown

that the testator's mind was under its control at the time and in the very act of making his will: Kustus *v.* Hager, 269 Pa. 103; Aggas *v.* Munnell, 302 Pa. 78.

In the case last cited, the relation between the testator and his daughter, who was made the principal beneficiary, and certain other facts, are not dissimilar from the present case.

The findings of the Hearing Judge, both as to fact and law, are within the scope of his authority as defined in Tetlow's Estate, 269 Pa. 486.

The exceptions to the opinion and supplemental opinion are dismissed and the decree dismissing the appeal is confirmed.

LAMORELLE, P. J., and HENDERSON, J., did not sit.